UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PLATINUM MANUFACTURING
INTERNATIONAL, INC.,

        Plaintiff,

vs.                                            CASE NO.: 8:08-cv-310-T-27MAP

UNINET IMAGING, INC., et al.,

        Defendants.
_____/

## ORDER

This cause is before the Court on the Plaintiff's "Unopposed" Motion to Conduct Limited Discovery Prior to Rule 26(f) Conference (doc. 13). Although the motion is styled as "unopposed," Plaintiff seeks discovery relating to "ownership, control, and activity" of two "Dodo and Anya" entities, and it appears that neither of these entities has consented to the Plaintiff's request.[1]

One of the named defendants is "Anna Kovalenko d/b/a Dodo & Anya, L.L.C." Plaintiff's motion states that "Anna Kovalenko has represented to Plaintiff after being served with the Complaint that she is unaware of the entity DODO & ANYA, L.L.C., and believes that if her name was used in any such business, she may have been the victim of identity theft." *See* Motion at 2. Plaintiff also states that it also "has recently learned that a Wyoming corporation has formed having the name Dodo & Anya, L.L.C., which is, upon information and belief,

---

[1] Anna Kovalenko apparently consents to this discovery, but if she is not aware of "Dodo & Anya" as she has represented to the Plaintiff, her consent should not be attributed to the separate "Dodo & Anya" entities.

connected to certain Defendants." *See* Motion at 2.  Before a Rule 26(f) conference has occurred, Plaintiff seeks to serve Rule 45 subpoenas on third-party financial institutions to determine "whether the Wyoming entity should be joined as a party and to preserve records of transactions evidencing the improper sale of Plaintiff's technology." *See* Motion at 2.  Plaintiff states that it needs immediate discovery because "critical information relevant to the claims asserted may be lost or unavailable by the time discovery in this matter commences and Rule 45 subpoenas can be served." *See* Motion at 3.

Discovery is normally barred prior to the Rule 26(f) conference.  *See* Fed. R. Civ. P. 26(d)(1) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized by these rules, by stipulation, or by court order.").[2]  A court may allow discovery before the Rule 26(f) conference upon a showing of "good cause." *See Nassau Terminals, Inc. v. M/V Bering Sea*, 1999 WL 1293476 (M.D. Fla. 1999) ("The moving party . . . must show good cause for departing from the usual discovery procedures."); *Qwest Communications Int'l., Inc. v. WorldQuest Networks, Inc.*, 213 F.R.D. 418, 419 (D. Colo. 2003) ("[A] party seeking expedited discovery in advance of a Rule 26(f) conference has the burden of showing good cause for the requested departure from usual discovery procedures.").[3]

---

[2] Courts apply this rule even when considering subpoenas issued to non-parties. *See Crutcher v. Fidelity National Ins. Co.*, 2007 WL 430655 (E.D. La. 2007) (noting that "the case law is replete with instances of courts requiring that parties seek leave of court and show good cause before issuing subpoenas to non-parties prior to a Rule 26(f) conference").

[3] In determining whether to allow discovery before the Rule 26(f) conference, some courts require movants to make a showing similar to that required for a preliminary injunction. *See Notaro v. Koch*, 95 F.R.D. 403, 405 (S.D.N.Y. 1982) (providing that expedited discovery is appropriate when a movant demonstrates "(1) irreparable injury, (2) some probability of success on the merits, (3) some connection between the expedited discovery and the avoidance of the irreparable injury, and (4) some evidence that the injury that will result without the expedited

The Plaintiff has not shown that immediate discovery is necessary in this case. The Court has no reason to suspect that records maintained by third-party financial institutions would become "lost or unavailable" in the coming weeks or months, and Plaintiff has provided no evidentiary support for this claim. The Court is particularly reluctant to allow the Plaintiff free reign to probe into the financial dealings of the "newly discovered" non-party Wyoming entity, based only on the Plaintiff's unsupported assertion "upon information and belief" that this entity may be "connected to certain Defendants." While the Court recognizes that expedited discovery may be appropriate in copyright infringement cases, *see Qwest Communications*, 213 F.R.D. at 419, here , there has been no allegation of wrongdoing as to the Wyoming entity, and the Plaintiff seeks discovery based only on the unsupported assertion of some nebulous connection with the defendants. Thus, the Plaintiff has failed to demonstrate good cause for immediate discovery.

Accordingly, it is ORDERED:

1.  Plaintiff's Motion to Conduct Limited Discovery Prior to Rule 26(f) Conference (doc. 13) is **DENIED** without prejudice.

DONE AND ORDERED at Tampa, Florida on April 4, 2008.

MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

cc: Counsel of Record

---

discovery looms greater than the injury that the defendant will suffer if the expedited relief is granted."). In any event, it is unnecessary to decide in this case whether a movant must make this more stringent showing, since the Plaintiff has failed to satisfy even the lesser "good cause" standard.